**IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE**

# FILED

**October 12, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | Williamson Juvenile No. 23342 |
| | ) | |
| **v.** | ) | |
| | ) | Appeal No. 01A01-9810-JV-00556 |
| **CARA MILLS SCHMITZ,** | ) | |
| | ) | |
| Defendant/Appellant. | ) | |

APPEAL FROM JUVENILE COURT OF WILLIAMSON COUNTY
AT FRANKLIN, TENNESSEE


THE HONORABLE ALFRED NATIONS, JUDGE


For the Plaintiff/Appellee:        For the Defendant/Appellant:

Paul G. Summers         John T. Conners, III
Kim R. Helper            Franklin, Tennessee
Nashville, Tennessee


**VACATED AND DISMISSED**


HOLLY KIRBY LILLARD, J.


CONCURS:

W. FRANK CRAWFORD, P.J., W.S.

ALAN E. HIGHERS, J.

**OPINION**

This is a juvenile delinquency action. The defendant's probation officer sought an order of contempt for the defendant's failure to pay restitution and clerk's fees. The defendant turned nineteen years old before the petition was filed. The juvenile court found the defendant in contempt. We find that the juvenile court lacked jurisdiction over the defendant and vacate the contempt order.

Defendant/Appellant Cara Mills Schmitz ("Schmitz") was born on June 6, 1979. On May 4, 1997, when Schmitz was seventeen years old, Schmitz committed acts which lead to her arrest for reckless driving, vehicular assault and underage drinking. On February 20, 1998, Schmitz was found delinquent in the Williamson County Juvenile Court. After a hearing on the merits, the juvenile court committed Schmitz to the Department of Children's Services and ordered her to pay restitution to the two victims in the case, Travis Thurber ("Thurber") and Michael Fortier ("Fortier"). The juvenile court's order, dated March 5, 1998, stated that:

...[Schmitz] shall pay restitution for the "out of pocket" medical expenses of the victims . . . as of February 19, 1998. The victims shall submit the total for their "out of pocket" medical expenses to the Court within thirty days. If there is no dispute as to the amounts submitted [Schmitz] shall pay the total amounts in full to the Williamson County Juvenile Court Clerk prior to June 6, 1998 . . . . If there is a dispute as to restitution, there will be a hearing on this matter . . . .

The order concluded by stating that "[t]his court shall retain jurisdiction over [Schmitz] until her 19th birthday."

Prior to the juvenile court's order, Thurber informed the juvenile court that he had not yet totaled his medical expenses. On March 27, 1998, Thurber filed an affidavit with the juvenile court claiming medical expenses in the amount of $8,842.12. The record does not include an affidavit by Fortier listing his medical expenses, but instead includes several statements detailing Fortier's expenses incurred on

May 4, 1997.  These statements are dated March 16, 1998, and March 17, 1998.

Schmitz appealed the juvenile court's order to the Williamson County Circuit Court.  On appeal, the circuit court accepted a plea bargain requiring Schmitz to enter a "Best Interest plea-No contest" to the vehicular assault charge in exchange for a sentence of time served and a commitment to the Department of Children's Services, which was stayed.  The circuit court ordered Schmitz to pay costs and also reinstated the juvenile court's restitution order.

Schmitz's probation officer, Charles Ray Smith, filed a petition for contempt on July 31, 1998, alleging that Schmitz had failed to pay restitution of $8,842.12 and clerk's fees of $442.12.  Schmitz made a special appearance at the contempt hearing to contest the juvenile court's jurisdiction to consider the petition.  After the hearing, a juvenile court referee found that the juvenile court had jurisdiction over Schmitz and found Schmitz in contempt of court.  The referee ordered Schmitz to serve six months in the Williamson County Jail or to remain in jail until the restitution and fees were paid.  The juvenile court subsequently confirmed the referee's order.

Schmitz appealed the juvenile court's ruling to the circuit court, but the juvenile court instead granted a rehearing of Schmitz's motion contesting jurisdiction.  Upon rehearing, the juvenile court ruled, once again, that the juvenile court had jurisdiction to consider the contempt petition.  The juvenile court held Schmitz in contempt and ordered her to serve ten days in the Williamson County Workhouse and to pay a fifty-dollar fine.  The juvenile court further ordered Schmitz to pay to the juvenile court $9,284.22, an amount reflecting the sum of the restitution and the clerk's fees, on a specified schedule. The payment schedule required installment payments of $200 per month, beginning November 30, 1998, until the entire amount was paid in full.  From this order, Schmitz now appeals.

On appeal, Schmitz argues that the juvenile court erred in finding that it had jurisdiction to consider the contempt petition, since Schmitz had already reached the age of nineteen when the contempt petition was filed.  In the alternative, Schmitz argues that she had complied with the order of restitution and that the order was incomplete.  The State concedes on appeal that the juvenile court lacked jurisdiction over Schmitz at the time the contempt order was entered.

We review this case *de novo* upon the record with a presumption of correctness of the findings of fact by the juvenile court. *See* Tenn.R.App.P. 13(d).

Schmitz argues first that the juvenile court lacked jurisdiction to consider the contempt petition. The juvenile court has exclusive original jurisdiction over proceedings in which a child is

alleged to be delinquent, unruly, or dependent and neglected. *See* Tenn.CodeAnn. § 37-1-103(a) (Supp. 1998). The statute provides that:

> [w]hen jurisdiction has been acquired under the provisions of this part, such jurisdiction shall continue until a person reaches the age of eighteen (18), except that the court may extend jurisdiction for the limited purposes set out in § 37-1-102(b)(4)(B) until the person reaches the age of nineteen (19).

*See* Tenn.CodeAnn. § 37-1-103(c).

Tennessee Code Annotated § 37-1-131(b)(2)(A) addresses a juvenile's failure to pay court-ordered restitution by the time the juvenile court loses jurisdiction. Tenn. Code Ann. § 37-1-131(b)(2)(A)(Supp. 1998). The recipient of the restitution may convert the unpaid balance into a civil judgment, with the same payment schedule ordered by the juvenile court. *Id.*

As the State concedes, we conclude that the juvenile court did not have jurisdiction to consider the contempt petition filed against Schmitz. Schmitz turned nineteen years old on June 6, 1998, and the juvenile court's jurisdiction over Schmitz ended on that date. The contempt petition was filed on July 31, 1998. The victims may seek to have the juvenile court's order converted to a civil judgment pursuant to Tennessee Code Annotated § 37-1-131(b)(2)(A). This holding pretermits the other issues raised by Schmitz on appeal.

The contempt order of the juvenile court is vacated and dismissed. Costs are taxed against the Appellee, for which execution may issue if necessary.

_____   **HOLLY KIRBY LILLARD, J.**

**CONCUR:**

_____
**W. FRANK CRAWFORD, P. J., W.S.**

_____
**ALAN E. HIGHERS, J.**